# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| TROY ANTHONY SMOCKS, § § § | |
| *Plaintiff,* § § | Civil Action No.  4:22-CV-787 |
| v. § § | Judge Mazzant |
| § | |
| PRESTON HEIGHTS APARTMENTS, § | |
| PRESTON HEIGHTS APARTMENTS, § | |
| LLC, § § | |
| *Defendants.* | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Remand Case Back to the State Court (Dkt. #13) and First Amended Plaintiff's Motion to Dismiss for Want of Federal Jurisdiction (Dkt. #14).  Having considered the motions and the relevant pleadings, the Court finds that the motions should be **DENIED.**

### BACKGROUND

This case arises out of the events that occurred on January 6, 2021, at our nation's capital and the arrests that have since taken place.  Plaintiff Troy Anthony Smocks ("Smocks") was investigated by the Federal Bureau of Investigation and Department of Homeland Security Joint Terrorism Task Force ("JTTF") in connection with those events.  Smocks lived in an apartment complex in Collin County that was owned by Defendants Preston Heights Apartments and Preston Heights Apartments, LLC (collectively, "Preston Heights").  Preston Heights assisted the JTTF in its investigation into Smocks and Smocks subsequently filed suit.

On January 13, 2021, JTTF agents communicated with Preston Heights regarding the federal investigation into Smocks although they did not have a warrant (Dkt. #2 at p. 7).  Preston

Heights ultimately provided Smocks' identifying information—including Smocks' social security number, phone number, leasing information, and address—and let the JTTF agents set up surveillance on Smocks (Dkt. #2 at pp. 7–8).  On January 15, 2021, Preston Heights allowed a team of JTTF agents to access the apartment complex through the security gate to arrest Smocks (Dkt. #2 at pp. 8–9).  The agents made the arrest at around 6:35am and had Smocks stand in the street outside where he was wearing nothing but his underwear (Dkt. #2 at pp. 8–9).  Smocks' arrest caused a commotion, with large vehicles and flash bang grenades, which Smocks states was only done to wake his neighbors "to further humiliate and embarrass [him]" (Dkt. #2 at p. 9).  After Smocks was arrested, Preston Heights evicted Smocks for "criminal reason" that Smocks states is "predicated upon the unlawful conduct of the [JTTF]" (Dkt. #2 at p. 9).

Smocks has filed suit against Preston Heights because it was acting as an agent for the JTTF during these events, and it "aided, abetted, and or assisted in the unlawful actions taken by the federal government resulting in tortious damages to [Smocks]" (Dkt. #2 at p. 9).  Smocks has alleged that: (1) he has an invasion of privacy action against Preston Heights for giving out his identifying information to the agents; (2) he is entitled to monetary damages because of his forced eviction; and (3) that Preston Heights intentionally inflicted emotional harm on Smocks based on the public humiliation caused by Preston Heights when they allowed the agents on Smocks' residence.  Smocks states that these claims derive from "negligence and wrongful acts of the Apartments and the Owner" because Preston Heights "fail[ed] to reasonably verify the lawfulness, legal status, and authority of [the JTTF]" (Dkt. #2 at pp. 6, 9).

On August 4, 2022, Smocks filed the original complaint against Preston Heights in the 471st Judicial Court of Collin County, Texas (Dkt. #2).  On September 2, 2022, Preston Heights generally denied the complaint (Dkt. #3), and on September 12, 2022, Preston Heights removed

the case (Dkt. #1). On September 14, 2022, Smocks filed what was essentially two different motions in one: (1) a motion to dismiss for lack of jurisdiction; and (2) a motion to remand based on lack of jurisdiction, but it was considered a deficient filing (Dkt. #5). On September 19, 2022, Preston Heights responded to the deficient motion (Dkt. #7). On September 22, 2022, Smocks filed the two pending motions as separate filings (Dkt. #13; Dkt #14).[1] Although Preston Heights did not respond to these motions individually, the Court will treat Preston Heights' initial response from September 19, 2022, as the responses to the pending motions.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). "In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction." *Humphrey v. Tex. Gas Serv.*, No. 1:14-CV-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014) (citations omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas.*

---

[1] On September 8, 2022, Smocks filed an objection to Preston Heights' removal of this case, arguing that Preston Heights failed to plead the prerequisites for diversity jurisdiction under 28 U.S.C. § 1441 (Dkt. #8). However, as Preston Heights made clear in its response, it does not allege removal was valid on diversity grounds, rather the basis for removal comes from federal question jurisdiction, specifically under 28 U.S.C. § 1442 (Dkt. #7). The Court will conduct an analysis on federal question grounds and need not conduct an analysis on whether there is diversity jurisdiction.

3

*Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "When considering a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Humphrey*, 2014 WL 12687831, at *2 (quoting *Manguno*, 276 F.3d at 723).

One statute, 28 U.S.C. § 1331, authorizes "federal question" jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Generally, to determine whether federal question jurisdiction exists, courts apply the "well-pleaded complaint" rule. The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). There is an exception to the well-pleaded complaint rule under 28 U.S.C. § 1442(a) when the lawsuit is against an officer of the United States or any person acting under that officer. *See Mesa v. California*, 489 U.S. 121, 136–37 (1989). In those situations, a defendant may remove the case to federal court so long as a federal question is raised in the removal petition. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. 2020); *see also Mesa*, 489 U.S. at 136 ("the raising of a federal question in the officer's removal petition . . . constitutes the federal law under which the action against the federal officer arises for Art. III purposes"). For proper removal under § 1442(a), a defendant must show: (1) it has asserted a colorable federal defense; (2) it is a "person" within the meaning of the statute; (3) that has acted pursuant to a federal officer's directions; and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions. *Latiolais*, 951 F.3d at 291.

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)); FED. R. CIV. P. 12(h)(3) ("If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Further, parties may raise objections to subject-matter jurisdiction at any time. *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

## ANALYSIS

In both pending motions, Smocks' asserts the same argument—the Court lacks jurisdiction over the lawsuit. Specifically, Smocks argues that Preston Heights has not raised a colorable federal defense as required by 18 U.S.C. § 1442 (Dkt. #14 at p. 3). Therefore, Preston Heights cannot rely on the federal officer statute to assert jurisdiction on federal question grounds. Preston Heights responds that it raised two defenses in its notice of removal, 18 U.S.C. §§ 875, 3052, that are colorable federal defenses that should be available to Preston Heights because Smocks' entire claim relies on the question of whether there was a valid federal investigation and lawful arrest (Dkt. #7 at p. 3). Since the only difference in the two motions is the remedy sought—remand back to state court or dismiss the lawsuit—the Court will consolidate the motions and address whether the Court has jurisdiction under 18 U.S.C. § 1442.

As a preliminary matter, Smocks does not contest that Preston Heights satisfies three of the four requirements under the test established in *Latiolais*. 951 F.3d at 296. Smocks makes two arguments as to why Preston Heights has not satisfied its burden of showing that a colorable federal defense has been established (Dkt. #14 at pp. 3–5). Smocks first states that Preston Heights' motivation to assist the JTTF was due to "political viewpoints share[d] with the agent(s)" (Dkt. #14 at p. 4). Smocks then argues that the JTTF agents acted without a warrant when it first contacted Preston Heights (Dkt. #14 at pp. 4–5). The Court will address each argument in turn.

Smocks begins his first argument by stating that the federal officer statute does not apply because a few questions need to be answered before a colorable federal defense can be established.

5

Smocks asks: "What is a colorable defense? What does it mean to act under color of federal office?" (Dkt. #14 at p. 3). Courts have answered both questions. In *Latiolais*, the Fifth Circuit found that a federal defense is colorable unless it is "immaterial and made solely for the purpose of obtaining jurisdiction." 951 F.3d at 297. If the defense is plausible, then it is colorable. *Id.* In the *Mesa* case, the United States Supreme Court stated that phrase "under color of office" was used by Congress to include a federal defense requirement for removal. 489 U.S. at 135. Smocks then proceeds to argue that this case is similar to the situation in *Mesa v. California*. *Id.* In *Mesa*, the defendants were unable to utilize § 1442(a) because they failed to raise a federal defense for state traffic crimes. *Id.* at 138–39. The defendants attempted to argue that the mere fact that they were working in a federal capacity was enough, but the *Mesa* court disagreed. *Id.* at 139. The situation here is distinguishable.

Here, and unlike in *Mesa*, there is a plausible explanation for Preston Heights' conduct that is predicated under federal law. Under 18 U.S.C. § 875(c), it is a felony for an individual who transmits in interstate commerce any communication containing threats to kidnap or injure another person. Additionally, an agent of the FBI does not need a warrant to make an arrest for "any felony cognizable under the laws of the United States if they have reasonable grounds to believe that the person to be arrested has committed or is committing such felony." 18 U.S.C. § 3052. Smocks' argument regarding the true motivation of Preston Heights and alleging that Preston Heights should have reasonably verified the lawfulness of the agents are questions of whether Preston Heights was negligent, acting intentionally, or simply complying with what the JTTF agents were asking. That question comes down to whether Preston Heights was assisting federal officers that were engaging in lawful conduct based on § 875 and § 3052 because the JTTF did not have a warrant.

This federal defense requirement is a "low bar." *In re Nat'l Prescription Opiate Litig.*, 327 F. Supp. 3d 1064, 1077 (N.D. Ohio 2018). A defense can be plausible for the purposes of removal then rejected later by a trial court. *See Liable v. Lanter*, No. 21-102, 2022 WL 1913420, at *10 (E.D. Ky. June 3, 2022) (citing *Jefferson Cnty v. Acker*, 527 U.S. 423, 431 (1999)). This is because § 1442(a) does not require a person acting under a federal official to "win his case before he can have it removed." *Latiolais*, 951 F.3d at 296. At this point in the proceedings, because there is a likelihood that Preston Heights was complying with a valid federal investigation, Preston Heights at the very least has raised a plausible federal defense for the purposes of § 1442(a).

Smocks' second argument will be defeated for the same reason. Smocks asserts that Preston Heights did not have the authority to allow the officers on Smocks' premises or to hand over Smocks' identifying information and cites to *Stoner v. California* to back up its claim. 376 U.S. 483 (1964). In *Stoner*, the Supreme Court of the United States pointed out that police officers had conducted a warrantless search of the defendant's hotel room. *Id.* at 484–85. The Supreme Court then conducted an analysis regarding whether the facts surrounding the search constituted an exception to the warrant requirement and found that consent of a hotel clerk was not sufficient for the consent exception. *Id.* at 486. This Court does not disagree with the analysis in *Stoner*, but Preston Heights is not alleging consent as its defense. Rather, the Court will have to see if the federal officers were acting properly under the powers Congress granted to them when they did not have a valid warrant. If the JTTF agents conducted a wholly lawful investigation, then Smocks will likely not have a claim against Preston Heights. The fact that there is a question that involves interpretation of federal law that can dispose of the case will allow Preston Heights to satisfy the federal defense requirement. *See Tennessee v. Davis*, 100 U.S. 257 (1880) (revenue collector satisfied the federal defense requirement in a murder case when he asserted self-defense because

7

the question of whether he was a thief or acting legally depended on the interpretation of federal revenue laws); *Cleveland, C., C. & I.R. Co. v. McClung*, 119 U.S. 454 (1886) (whether a collector of customs had a federal duty depended on statutory interpretation and question of what obligations a federal statute does and does not impose was enough to satisfy federal defense requirement); *Willingham v. Morgan*, 395 U.S. 402 (1969) (question of whether defendant had official immunity was sufficient to support removal under § 1442(a)).

In sum, Preston Heights has satisfied its burden in showing that all elements of the *Latiolais* test are met for the purposes of removal under § 1442(a). Therefore, the Court has jurisdiction over the pending suit on federal question grounds.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Remand Case Back to the State Court (Dkt. #13) and First Amended Plaintiff's Motion to Dismiss for Want of Federal Jurisdiction (Dkt. #14) are hereby **DENIED.**

**IT IS SO ORDERED.**

SIGNED this 24th day of October, 2022.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE