# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

|  |  |  |
|---|---|---|
| TROY ANTHONY SMOCKS, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No.  4:22-CV-787 |
| | § | Judge Mazzant |
| PRESTON HEIGHTS APARTMENTS, and PRESTON HEIGHTS APARTMENTS, LLC, | § § § § | |
| *Defendants.* | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Judgment on the Pleadings (Dkt. #39).

Having reviewed the motion, the briefing, and the relevant law, the Court finds that the motion

should be **DENIED.**

## BACKGROUND

This case arises out of the events that occurred on January 6, 2021, at the United States

Capitol and the arrests that have since taken place.  A more detailed background of this case is

more fully set out in the Court's Memorandum Opinion and Order denying the Plaintiff's motion

to remand (Dkt. #17).  Briefly, Plaintiff Troy Anthony Smocks ("Smocks") has brought this

lawsuit against Defendants Preston Heights Apartments and Preston Heights Apartments, LLC

(collectively, "Preston Heights"), the owners of his apartment complex.  Smocks alleges that

Preston Heights "aided, abetted, and or assisted in the unlawful actions" of the Federal Bureau of

Investigation and Department of Homeland Security Joint Terrorism Task Force ("JTTF") in its

investigation into Smocks in connection with the events that occurred on January 6th (Dkt. #2 at

p. 9).  Smocks alleges that such assistance actively resulted in harm to Smocks.

On March 1, 2023, Smocks filed the pending motion for judgment on the pleadings (Dkt.

#39).  In the motion, Smocks relies heavily on the same arguments which were raised in his

summary judgment motion (Dkt. #21), but states that because Preston Heights had not responded

to that motion, then their arguments on the issue were abandoned.  On March 15, 2023, Preston

Heights filed a response, clarifying that they had responded to the pending motion for summary

judgment and specifically addressed the merits of Smocks' arguments (Dkt. #42).  On March 23,

2023, Smocks filed a reply, relying on the argument that he raised in his summary judgment

motion—there are no material facts that are in dispute by the parties (Dkt. #47).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but

early enough not the delay trial—a party may move for judgment on the pleadings."  "A motion

brought pursuant to Fed. R. Civ. P 12(c) is designed to dispose of cases where the material facts

are not in dispute and a judgment on the merits can be rendered by looking to the substance of the

pleadings and any judicially noticed facts."  *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d

74, 76 (5th Cir. 1990) (citation omitted); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*,

313 F.3d 305, 312–13 (5th Cir. 2002).

"Pleadings should be construed liberally, and judgment on the pleadings is appropriate only

if there are no disputed issues of fact and only questions of law remain."  *Great Plains Tr.*, 313 F.3d

at 312 (quoting *Hughes v. Tobacco Inst., Inc.,* 278 F.3d 417, 420 (5th Cir. 2001)).  The standard

applied under Rule 12(c) is the same as that applied under Rule 12(b)(6).  *Ackerson v. Bean*

*Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009); *Guidry* v. *Am. Pub. Life Ins. Co.,* 512 F.3d 177, 180 (5th Cir. 2007).

## ANALYSIS

To begin, the Court will point out that abandonment will not be an issue here.  It is clearly on the record—and later admitted by Smocks himself—that Preston Heights responded to the merits of Smocks' claims (Dkt. #41).  Therefore, the Court will not grant this motion based on the issue of any "abandoned" arguments.

Next, as to the merits of the 12(c) motion, the Court must "draw all possible inferences in favor of the nonmovant, and may not grant judgment unless, on the admitted facts, the moving party is clearly entitled to judgment." *Caletka v. State Farm Mut. Auto. Ins. Co.*, 936 F. Supp. 380, 381 (W.D. La. 1996) (citing *Nunley v. M/V Dauntless Colocotronis*, 696 F.2d 1141, 1143 n.2 (5th Cir. 1983)).  Smocks argues that "there is no dispute to the material facts" (Dkt. #47 at p. 1).  The Court disagrees and finds that Smocks is not clearly entitled to judgment.

Based on the substance of the pleadings and any judicially noticed facts, there are still live disputes between the parties, specifically as to whether the JTTF was "investigating" Smocks in Texas and whether the JTTF had a lawful basis when they first contacted Preston Heights.  *See Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2022) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).  Additionally, the Court will point out that the above-mentioned arguments fail to identify the relevant conduct that is attributable to Preston Heights—the defendant in this case.

Smocks requests that judgment be granted in his favor against Preston Heights on the issue of liability, and that the Court "should proceed to trial for the award of damages only" (Dkt. #39 at p. 7). The Court will deny the pending request.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Troy Anthony Smocks' Motion for Judgment on the Pleadings (Dkt. #39) is hereby **DENIED.**

**IT IS SO ORDERED.**

**SIGNED this 30th day of August, 2023.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

4