# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| TROY ANTHONY SMOCKS, § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | Civil Action No. 4:22-CV-787 | |
| § | Judge Mazzant | |
| PRESTON HEIGHTS APARTMENTS, § | | |
| and PRESTON HEIGHTS § | | |
| APARTMENTS, LLC, § | | |
| § | | |
| *Defendants.* § | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's Motion for Summary Judgment as a Matter of Law (Dkt. #21), Defendants Preston Heights Apartments and Preston Heights Apartments, LLC's Amended Opposed Rule 56(d) Motion to Continue Plaintiff's Motion for Summary Judgment (Dkt. #27), and Plaintiff's Motion for Leave to Respond Out of Time (Dkt. #41). Having reviewed the motions, the briefing, and the relevant law, the Court finds that the Plaintiff's Motion for Summary Judgment as a Matter of Law (Dkt. #21) and Plaintiff's Motion for Leave to Respond Out of Time (Dkt. #41) will be **DENIED,** and Defendants Preston Heights Apartments and Preston Heights Apartments, LLC's Amended Opposed Rule 56(d) Motion to Continue Plaintiff's Motion for Summary Judgment (Dkt. #27) will be **DENIED as moot.**

## BACKGROUND

This case arises out of the events that occurred on January 6, 2021, at the United States Capitol and the arrests that have since taken place. A more detailed background of this case is more fully set out in the Court's Memorandum Opinion and Order denying the Plaintiff's motion

to remand (Dkt. #17).  Briefly, Plaintiff Troy Anthony Smocks ("Smocks") has brought this lawsuit against Defendants Preston Heights Apartments and Preston Heights Apartments, LLC (collectively, "Preston Heights"), the owners of his apartment complex.  Smocks alleges that Preston Heights "aided, abetted, and or assisted in the unlawful actions" of the Federal Bureau of Investigation and Department of Homeland Security Joint Terrorism Task Force ("JTTF") in its investigation into Smocks in connection with the events that occurred on January 6th (Dkt. #2 at p. 9).  Smocks alleges that such assistance actively resulted in harm to Smocks.

On November 7, 2022, Smocks filed the pending motion requesting summary judgment, alleging that the parties "have no dispute as to the merits" (Dkt. #21 at p. 2).  On November 28, 2022, Preston Heights filed a response, opposing Smocks' request (Dkt. #26).  Smocks did not file a reply.  However, on March 12, 2023, Smocks filed the pending motion requesting leave to file a reply, as he initially did not file one "due to a lack of notification" and because Smocks' counsel was hospitalized for about three weeks (Dkt. #41 at p. 2).  On March 27, 2023, Preston Heights filed a response to the motion for leave, opposing the request (Dkt. #48).

On November 29, 2022, Preston Heights filed the pending Rule 56(d) motion, as it alleges that Smocks filed the motion for summary judgment prematurely, as discovery had not begun (Dkt. #27).  On December 1, 2022, Smocks filed a response, stating that there is "uncontroverted evidence," and that the entire lawsuit can be decided based on the interpretation of state and federal statutes (Dkt. #30).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  Summary judgment is proper

under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or

arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Before the Court addresses the merits of Smocks' motion for summary judgment, it must first decide whether Smocks will be permitted to file a reply. Such a decision may impact whether the Court will rule on the merits of the summary judgment motion at this time.[1]

### I. Leave to File a Reply Brief

Ultimately, the Court finds that a reply is not necessary in this case, given that the initial arguments made are based on the simple premise that the parties have "established that no controversy of material facts exit [sic] within the conduct of the Defendants for summary judgment purposes" (Dkt. #21 at p. 3). The Court finds that not to be the case—for the reasons detailed below—but any additional arguments that could be made in a reply brief would likely be new arguments, which the Court would not consider. *Magnolia Island Plantation, L.L.C. v. Whittington*, 29 F.4th 246, 251–52 (5th Cir. 2022) ("As a general matter, a district court is not required to address new legal issues raised only in a reply brief.")

Additionally, although the Court is sympathetic to the fact that Smocks' counsel was hospitalized during the relevant period, it was Smocks who decided to file the pending motion for

---

[1] In making its decision, the Court will remind the parties "[t]he court need not wait for the reply or sur-reply before ruling on the motion. LOCAL RULE CV-7(f).

4

summary judgment at the beginning of the proceedings, as discovery had not truly begun at the time of its filing. A reply brief in this case simply cannot change the fact that only limited arguments would be permitted in the pending summary judgment motion because of its timing. Accordingly, the request to file a reply will be denied. The Court will now address the merits of Smocks' motion for summary judgment based on the briefing currently in the record.

## II. Summary Judgment

Smocks' motion seems to focus on two main points: (1) based on statutory authority, the JTTF was not acting lawfully, therefore, Smocks is entitled to judgment as a matter of law; and (2) the single fact that the parties agree that Preston Heights was assisting the JTTF to carry out its task to arrest Smocks is enough to grant summary judgment. The Court finds both arguments baseless for granting summary judgment in Smocks' favor.

As a preliminary matter, the Court is a bit unsure as to which causes of action Smocks is requesting summary judgment on. He states that he is asking "this Honorable Court for an Order disposing *in part* of the litigation by summary judgment," but never indicates which claims he is referring to specifically (Dkt. #21 at p. 2) (emphasis added). According to Smocks' complaint, he is alleging claims of negligence, forced eviction, invasion of privacy, and intentional infliction of emotional distress (Dkt. #2). Preston Heights' responds based on the notion that Smocks is requesting summary judgment on the claims of negligence and invasion of privacy (Dkt. #26 at p. 5). Upon a good faith reading of Smocks' motion, the Court agrees this is the likely request. The Court sees no specific facts or legal authority that is referenced in the motion that would go towards

a forced eviction claim or an intentional infliction of emotional distress claim. Accordingly, the Court will proceed under the analysis that those two claims are at issue.[2]

Regarding Smocks' first argument, the claim that the JTTF lacked statutory authority to proceed as it did is not as clear as Smocks would have it seem. However, the Court need not decide the merits of whether the JTTF was acting lawfully for this motion. This is primarily because the Court fails to see how this argument alone is dispositive for the claims *against Preston Heights*. To provide some context, Smocks alleges in the pending motion that "Defendants Violated Texas Statutory Law," but then goes on to state how the JTTF allegedly violated Texas law, not Preston Heights (Dkt. #21 at p. 6).

The JTTF's actions are albeit relevant for Preston Heights' defense, but they are not the only relevant facts for a single alleged cause of action. Put differently, even if the Court decides that the JTTF acted improperly in this case based on Texas or Federal law, the analysis is not over for any of Smocks' claims. This is because the JTTF is not a named defendant in the case. The relevant conduct that must ultimately be scrutinized is Preston Heights' actions.

As a point of clarity, the Court previously denied Smocks' request to remand because it found that it had jurisdiction for this case because Smocks' claims "rel[y] on the question of whether there was a valid federal investigation and lawful arrest" (Dkt. #17 at p. 5). While this still rings true, the Court did not hold that Preston Heights essentially steps into the shoes of the JTTF. The Court did not hold that proving the JTTF's actions were wrongful equated to Preston Heights' actions being wrongful. So, whether the JTTF acted lawfully will be relevant for Smocks'

---

[2] Regardless of the confusion on the causes of action, the Court finds that the arguments presented are not a valid basis for granting summary judgment in Smocks' favor on any of his claims.

6

claims, but so will the specifics of how Preston Heights acted and what they allegedly should have done instead.

Noting that distinction, despite Smocks alleging that his causes of action "arise[] out of negligence and wrongful acts," he fails to establish a lack of a genuine issue of material fact regarding how Preston Heights' actions are wrongful based on the JTTF's statutory authority. Indeed, for this first argument, Smocks only focuses on the actions of the JTTF and how what they did was allegedly unlawful.[3] As a result, Smocks' first argument will be denied.

Regarding the second argument raised, the fact that Preston Heights assisted the JTTF and complied with the JTTF's requests related to its investigation is not alone dispositive of any of Smocks' claims against Preston Heights. For the negligence claim, Smocks must point to how Preston Heights's actions were negligent in how they cooperated with federal officials. Simply stating that Preston Heights cooperated and provided information will not be enough to state there is no genuine issue of material fact for the elements of duty, breach, causation, and harm. *See Fret v. Melton Truck Lines, Inc.*, 706 F. App'x 824, 827 (5th Cir. 2017) (discussing Texas law); *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (noting how summary judgment is generally inappropriate in negligence cases).

The only mention of specific conduct on behalf of Preston Heights is the fact that it provided Smocks' rental application to the JTTF on a day before an official warrant was issued.

---

[3] The Court will note that by focusing primarily on the JTTF's actions and attempting to attribute those actions to Preston Heights, Smocks' claims against Preston Heights appears as one of malicious prosecution masked as a claim of negligence. *See Smith v. Sneed*, 938 S.W.2d 181, 183 (Tex. App.—Austin 1997, no writ) ("Where an individual is implicated in a crime, subsequently exonerated, and then brings a claim for damages caused by the disclosure of information to the police and the criminal prosecution, such a complaint is in essence a claim for malicious prosecution."). Texas courts have held that a plaintiff may not avoid the strict elements of a malicious prosecution claim by labeling it negligence. *ITT Consumer Fin. Corp. v. Tovar*, 932 S.W.2d 147, 155 (Tex. App.—El Paso 1996, writ denied).

7

Such an incident on its own is not enough to grant summary judgment in this case, which is what the Court interprets Smocks' second argument to allege. This is because in evaluating the reasonableness of the conduct, all the circumstances must be considered. *Luwisch v. Am. Marine Corp.*, No. 17-3241, 2018 WL 3031887, at *4 (E.D. La. June 18, 2018) (citing *Gauk v. Meleski*, 346 F.2d 433, 437 (5th Cir. 1965)). When identifying the conduct of Preston Heights and their compliance with the JTTF, full context must be provided to establish that what they did was wrongful and a breach of their duty to Smocks.[4] Accordingly, since no additional context was provided, the Court refuses to hold there is no genuine issue of material fact on the issue of breach based on the arguments provided. Accordingly, Smocks' second argument regarding Preston Heights' assistance with the JTTF investigation will not be a valid basis for granting summary judgment on Smocks' negligence claim. *See Davidson v. Stanadyne, Inc.*, 718 F.2d 1334, 1338 (5th Cir. 1983) (noting how the use of summary judgment is "rarely appropriate" in negligence cases, even when the material facts are not disputed).

For the invasion of privacy action, Smocks alleges that Preston Heights provided the rental application to the JTTF, and because of that, he is entitled to judgment as a matter of law. However, Preston Heights points towards the rental agreement that it had with Smocks, which states the following:

> **Disclosure of Information.** We may, but are not obligated to, share and use information related to this lease for law-enforcement, governmental, or business purposes . . .

---

[4] The Court will also note that specifically as to Smocks' negligence theory, it is well settled rule that resolution of a defendant's possible breach of duty is a question of fact. *Heat v. Welch Research Corp.*, 644 F.2d 487, 489 (5th Cir. 1981).

(Dkt. #26, Exhibit 5 at p. 3). Preston Heights alleges that the language of the agreement is unambiguous that Preston Heights may provide information to the government in assistance with an investigation.

The Court finds that Preston Heights has the better argument here. Under Texas law, the elements of a cause of action for invasion of privacy by intrusion upon seclusion or private affairs are: (1) the defendant intentionally intruded on the plaintiff's solitude, seclusions, or private affairs; and (2) the intrusion would be highly offensive to a reasonable person. *See Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993). "To be actionable, the intrusion must be highly offensive meaning that it must be unreasonable, unjustified, or unwarranted." *Cherkaoui v. Santander Consumer USA, Inc.*, 32 F. Supp.3d 811, 816 (S.D. Tex. May 23, 2014). Therefore, the contract will prevent summary judgment from being granted in favor of Smocks for this cause of action at this time. The Court does not see how Preston Heights' actions were clearly unreasonably, unjustified, or unwarranted, given the language of the lease agreement.[5]

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Summary Judgment as a Matter of Law (Dkt. #21) and Plaintiff's Motion for Leave to Respond Out of Time (Dkt. #41) are both hereby **DENIED.**

---

[5] Since the Court will deny Smocks' motion for summary judgment based on the arguments presented, it need not rule on Preston Heights' request that the Court stay its decision until further discovery has been conducted. Smocks is correct that under Rule 56, it does not require that any discovery take place before summary judgment can be granted. *Mendez v. Poitevent*, 823 F.3d 326, 336 (5th Cir. 2016). But, the purpose of allowing a continuance for a motion for summary judgment is to provide the nonmovant the ability to combat the arguments raised by the movant. *Wichita Falls Off. Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992). Since the Court has ruled on the pending motion for summary judgment and found that the movant's arguments did not arise to the level sufficient to grant summary judgment, the pending request under Rule 56(d) will be denied as moot. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) ("If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response.").

It is further **ORDERED** that Defendants Preston Heights Apartments and Preston Heights Apartments, LLC's Amended Opposed Rule 56(d) Motion to Continue Plaintiff's Motion for Summary Judgment (Dkt. #27) will be **DENIED as moot.**

**IT IS SO ORDERED.**

SIGNED this 30th day of August, 2023.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE