# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TROY ANTHONY SMOCKS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 4:22-CV-00787 |
| v. | § | Judge Mazzant |
| | § | |
| PRESTON HEIGHTS APARTMENTS, | § | |
| and PRESTON HEIGHTS | § | |
| APARTMENTS, LLC, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the parties' responses to the Court's order entered on January 3, 2024 (Dkt. #91). Having considered the relevant arguments, pleadings, and caselaw, the Court finds that Plaintiff Troy Anthony Smocks's negligence claim is hereby **DISMISSED WITH PREJUDICE**.

## BACKGROUND

The facts of this case are fully set out in the Court's Memorandum Opinion and Order (the "Opinion") entered on January 3, 2024 (Dkt. #91). In the Opinion, the Court granted summary judgment to Defendants Preston Heights Apartments and Preston Heights Apartments, LLC (collectively, "Preston Heights") on Plaintiff Troy Smocks's (Smocks) claims for wrongful eviction, invasion of privacy, and intentional infliction of emotional distress (Dkt. # 91 at pp. 5–10). The Court also ordered Smocks to file a response within fourteen days from the date on which summary judgment was entered detailing any reason why the Court should not also grant summary

judgment on Smocks's negligence claim (Dkt. #91 at pp. 11–12). The Court indicated that Smocks's failure to respond or to show a genuine issue of material fact would result in entering summary judgment on his negligence claim (Dkt. #91 at p. 12).

On February 25, 2024, Smocks filed his Corrected Plaintiff's Response to the Court's Order and Objection to the Court's Order of Dismissals[1] arguing that the Court lacked subject matter jurisdiction (Dkt. #96 at pp. 1–10). On July 18, 2024, the Court ordered Preston Heights to respond to Smocks's argument regarding subject matter jurisdiction (Dkt. #102). Preston Heights filed its response on August 30, 2024 (Dkt. #107).[2] Smocks filed his reply on September 12, 2024 (Dkt. #108).[3]

## LEGAL STANDARD

### I.   <u>Subject Matter Jurisdiction</u>

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). "In an action

---

[1] Smocks initially filed his response on February 22, 2025 (Dkt. #95). The document, however, was rejected as deficient pursuant to Local Rule CV-10(d). Smocks then filed a corrected response (Dkt. #96).

[2] Preston Heights missed the Court's original deadline but filed an Unopposed Notice of Attorney Appearance (Dkt. #103) and an Unopposed Motion for Leave to File a Response to Plaintiff's assertion that the Court lacks Subject Matter Jurisdiction (Dkt. #104). The Court granted Preston Heights's motion for leave to file a response (Dkt. #106).

[3] Smocks's submitted his Corrected Plaintiff's Response to the Court's Order, and Objection to the Court's Order of Dismissals (Dkt. #96) through counsel. The Court construes the filing as a submission by counsel. However, Smocks's counsel passed away and Smocks—proceeding *pro se*—filed Plaintiff's Reply to Defendants' Response to Plaintiff's Assertion that the Court Lacks Subject Matter Jurisdiction (Dkt. #108). Because Smocks is now proceeding *pro se*, the Court construes this filing liberally. *See Eller v. Cole*, No. 23-50018, 2023 WL 7268221, at *1 (5th Cir. 2023). Smocks "must still comply with the law and procedural rules." *Washington v. East Baton Rouge Par. Sch. Sys.*, No. 11-30591, 471 F.App'x 306, 306 (5th Cir. 2012).

that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction." *Humphrey v. Tex. Gas Serv.*, No. 1:14-CV-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014) (citations omitted).  The Court "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court."  *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).  "When considering a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."  *Humphrey*, 2014 WL 12687831, at *2 (quoting *Manguno*, 276 F.3d at 723).

One statute, 28 U.S.C. § 1331, authorizes "federal question" jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Generally, to determine whether federal question jurisdiction exists, courts apply the "well-pleaded complaint" rule.  The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011).  There is an exception to the well-pleaded complaint rule under 28 U.S.C. § 1442(a) when the lawsuit is against an officer of the United States or any person acting under that officer.  *See Mesa v. California*, 489 U.S. 121, 136–37 (1989).  In those situations, a defendant may remove the case to federal court so long as a federal question is raised in the removal petition.  *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. 2020); *see also Mesa*, 489 U.S. at 136 ("the raising of a federal question in the officer's removal petition . . . constitutes the federal law under which the

action against the federal officer arises for Art. III purposes"). For proper removal under § 1442(a), a defendant must show: (1) it has asserted a colorable federal defense; (2) it is a "person" within the meaning of the statute; (3) that has acted pursuant to a federal officer's directions; and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions. *Latiolais*, 951 F.3d at 291. The Fifth Circuit "broadly construe[s] the federal officer removal statute in favor of a federal forum." *Martin v. LCMC Health Holdings, Inc.*, 101 F.4th 410, 414 (5th Cir. 2024) (citation omitted).

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Further, parties may raise objections to subject-matter jurisdiction at any time. *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

## II.   <u>Summary Judgment Under Rule 56</u>

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court

"must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider

all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

Further, a court may grant summary judgment on grounds not raised by the party after giving notice and a reasonable time to respond. FED. R. CIV. P. 56(f).  "The district court may enter summary judgment sua sponte if the parties are provided with reasonable notice and an opportunity to present argument opposing the judgment." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 435 (5th Cir. 2000).  "A party must be given at least ten days notice." *Id.* (citations omitted).

## ANALYSIS

### I.   Subject Matter Jurisdiction

The Court has subject matter jurisdiction over this suit.  First, Smocks argues that removal is improper under § 1442(a) because Preston Heights did not act under the direction of a federal officer (Dkt. #96 at p. 2).  Notably, the Court already determined that Preston Heights "has satisfied its burden in showing that all elements of the *Latiolais* test are met for purposes of removal under § 1442(a)" (Dkt. #17 at p. 8).  The Court is unconvinced by Smocks recent arguments that the FBI did not exert sufficient control over Preston Heights (*See* Dkt. #96; Dkt. #108).  Smocks directs the Court to caselaw that the "acting under" element requires "courts to determine whether the federal officer 'exert[s] a sufficient level of subjection, guidance, or control' over the private actor." *St. Charles Surgical Hosp., LLC v. La. Health Serv. & Indem. Co.*, 990 F.3d 447, 455 (5th Cir. 2021) (citation omitted).  The Fifth Circuit recently clarified that removal was appropriate in circumstances such as in *St. Charles Surgical Hospital, LLC* because the case "involved 'an effort to assist, or to help carry out, the duties or tasks of the federal superior.'"

*Martin v. LCMC Health Holdings, Inc.*, 101 F.4th 410, 415 (5th Cir. 2024) (quoting *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 152 (2007)).  Here, Preston Heights was involved in "an effort to assist" and "help carry out" the Federal Bureau of Investigation (FBI) and the Department of Homeland Security Joint Terrorism Task Force's (JTTF) duty to apprehend an individual suspected of committing a federal offense (*See* Dkt. #107 at p. 5).  *Martin*, 101 F.4th at 415.  In fact, Smocks even argues that Preston Heights "aided, abetted, and or assisted in the unlawful actions taken by the federal government" (Dkt. #57 at p. 3) such as allowing the FBI and JTTF "access to the secured entry gate(s)" (Dkt. #57 at p. 8).  Thus, the Court finds that Preston Heights acted under the control of federal officers—the FBI and the JTTF.

Smock's second argument is unclear but also fails.  The Court believes Smocks is arguing the following: the execution of a federal warrant is governed by state law (Dkt. #96 at pp. 4–8); further, Texas law does not authorize either agents of the FBI or JTTF to act in any arrest capacity except as delineated by Texas statute (Dkt. #96 at p. 8).  Smocks's arrest did not satisfy any of the criteria dictated by Texas statute and any assessment of the arrest's validity is analyzed under Texas law (*See* Dkt. #96 at pp.4–6).  Therefore, the "Court lacked removal jurisdiction because the district court would not have had original subject-matter jurisdiction relating to Plaintiff's arrest" (Dkt. #96 at p. 8).  This argument misses the mark.  As the Supreme Court noted, "the raising of a federal question in the officer's removal petition . . . constitutes the federal law under which the action against the federal officer arises for Art. III purposes." *Mesa v. California*, 489 U.S. 121, 136 (1989).  Here, as the Court previously stated, there is a plausible explanation for Preston Heights's conduct that is predicated under federal law (Dkt. # 17 at p. 6).  Preston Heights assisted federal officers—the FBI and JTTF—as they investigated and apprehended an individual

suspected of violating 18 U.S.C. § 875(c) (*See* Dkt. #91 at pp. 1–2).  The removal statute expressly extends to this situation because these acts were "on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals[.]"  28 U.S.C. § 1442(a)(1).  Accordingly, Preston Heights may avail itself of the removal statute.  Thus, the Court has subject matter jurisdiction over this suit.

## II.    Smocks's Negligence Claim

Because Smocks has failed to produce evidence showing a genuine issue of fact (*See* Dkt. #96; Dkt. #108), the Court, in accordance with its analysis of the negligence claim in its Memorandum Opinion and Order dated January 3, 2024 (Dkt. #91 at pp. 10–11), finds that Preston Heights is entitled to summary judgment on Plaintiff's negligence claim as a matter of law.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Troy Anthony Smocks's negligence claim is hereby **DISMISSED WITH PREJUDICE**. The Court will render a Final Judgment consistent with this Order and the Memorandum Opinion and Order dated January 3, 2024 (Dkt. #91) separately.

**IT IS SO ORDERED.**

 **SIGNED this 23rd day of September, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE